NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0038n.06
Filed: October 20, 2004

Case No. 03-5290

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH LIBERTO, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| SHELBY COUNTY, TENNESSEE, et al., | ) | DISTRICT OF TENNESSEE |
| | ) | |
| v. | ) | |
| | ) | |
| A.C. GILLESS, Sheriff, individually and in | ) | |
| his official capacity as Sheriff of Shelby | ) | |
| County, Tennessee; MARRON HOPKINS, | ) | |
| individually and in his official capacity as Jail | ) | |
| Director of the Shelby County Jail, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

_____

BEFORE: BATCHELDER and MOORE, Circuit Judges; CALDWELL[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. Defendants A.C. Gilless and Marron Hopkins appeal the district court's orders denying their motion for summary judgment and their motion for reconsideration and for qualified immunity in this 42 U.S.C. § 1983 action for violation of plaintiff Joseph Liberto's civil rights while he was incarcerated in the Shelby County Jail. The sole issue on appeal is whether the district court erred in denying these defendants qualified immunity. Because the district court has not entered any immediately appealable order in the case, we will dismiss the

_____

[*]The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

appeal for lack of jurisdiction.

On November 25, 2000, Joseph Liberto was arrested and placed in the Shelby County Jail in Shelby County, Tennessee. At approximately 1:30 a.m. on November 26, he was placed in a cell of which he was the only occupant. Liberto alleges that from the time he arrived at his cell until approximately 6:00 a.m., other inmates yelled vulgarities at him and threatened an impending sexual assault. Sometime before 7:00 a.m., four inmates entered Liberto's cell and sexually assaulted him. The assailants also beat Liberto, causing severe injuries to his back, thumb, and arm. According to Liberto, he was taunted by a deputy jailer during the attack.

Liberto brought claims under 42 U.S.C. § 1983 against Shelby County; A.C. Gilless, the former sheriff of Shelby County; Marron Hopkins, the former jail director of Shelby County Jail; and Jim Rout, the former mayor of Shelby County, alleging that while he was detained at the Shelby County Jail, he was sodomized by inmates as a result of the defendants' unconstitutional policies. In particular, Liberto alleged that the defendants violated his Eighth and Fourteenth Amendment rights to be free of cruel and unusual punishment and were deliberately indifferent to a known substantial risk of serious harm to inmates at the Shelby County Jail. Liberto contends that the defendants were on actual notice, because of prior judgments and consent orders stemming from similar lawsuits, that the conditions in and policies of the jail created a serious risk of harm.

The defendants moved for summary judgment, but, although the answer that they had filed in the case raised the affirmative defense of qualified immunity, the motion for summary judgment did not. The district court dismissed the "official capacity" claims against Gilless, Hopkins, and Rout because these claims are subsumed into Liberto's claims against Shelby County. The court also granted Rout summary judgment because, as mayor, he was not a prison official liable in his

2

individual capacity to inmates who bring Section 1983 lawsuits arising out of jail misconduct. The district court denied summary judgment to Shelby County, as well as to Gilless and Hopkins in their individual capacities. The court specifically found that there was a disputed issue of material fact as to whether Gilless and Hopkins acted with deliberate indifference to a known risk of inmate rape, and that this was a triable question of fact for the jury. Gilless and Hopkins subsequently asked the district court to reconsider its ruling and to grant them qualified immunity. The district court denied the motion for reconsideration. This timely appeal followed.

In civil damage actions arising out of government officials' performance of discretionary functions, the officials are generally entitled to qualified immunity from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The first step is to determine whether plaintiff has shown violation of a constitutionally protected right. If the answer is yes, then the second step is to determine whether the right is so 'clearly established' that a 'reasonable official would understand that what he is doing violates that right.'" *Brennan v. Township of Northville*, 78 F.3d 1152, 1154 (6th Cir. 1996) (citations omitted).

Gilless and Hopkins contend that, pursuant to *Mitchell v. Forsyth*, 472 U.S. 511 (1985), we have appellate jurisdiction to review on interlocutory appeal a district court's denial of qualified immunity. That is undoubtedly true, provided the district court did not deny qualified immunity because the facts necessary to determine that issue are genuinely in dispute. *See Johnson v. Jones*, 515 U.S. 304, 319-320 (1995) (holding that a defendant may not appeal a district court's summary judgment order denying qualified immunity insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial). The district court's order in this case,

3

however, does not expressly deny qualified immunity at all.

The district court's order denying summary judgment to these defendants makes no mention of qualified immunity, and we do not have any clear indication that the district court ever even considered the issue. Gilless and Hopkins did not mention qualified immunity in their initial motion for summary judgment. After the district court denied that motion, Gilless and Hopkins filed a "Motion to Reconsider Order Denying in Part Defendants' Motion for Summary Judgment and Motion for Qualified Immunity." In that motion, Gilless and Hopkins asked the court first "to reconsider [the court's] order denying in part and granting in part the Defendants' motion for summary judgment"; and, additionally, "to grant them qualified immunity in this case." This motion did not suggest that Gilless and Hopkins had acted within the scope of their discretionary authority, and, in fact, the motion was nothing more than a mere recitation of their initial request for summary judgment, with an unsupported, one-sentence request for qualified immunity added for good measure.

The district court, although repeating the title of defendants' motion, denied the motion without any discussion whatsoever of qualified immunity. The court held that the motion merely "express[ed] disagreement with the court's prior ruling," and that Gilless and Hopkins had not established any of the reasons for relief available under Fed. R. Civ. Pro. 59. It is therefore unclear whether there is *any* order regarding defendants' request, such as it was, for qualified immunity.

Accordingly, we DISMISS this appeal for lack of jurisdiction.

4